# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONALD KAREEM SEABROOKS,

    Petitioner,　　　　　　　　　　Civil No. 2:18-CV-12742
    　　　　　　　　　　　　　　　　HON. TERRENCE G. BERG

v.

ERICK BALCARCEL,

    Respondent,
_____/

## OPINION AND ORDER (1) GRANTING MOTION TO STAY, (2) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, (3) ADMINISTRATIVELY CLOSING THE CASE, (4) DENYING MOTION FOR APPOINTMENT OF COUNSEL

Ronald Kareem Seabrooks, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 *pro se*. Petitioner challenges his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a); first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b); assault with intent to commit murder, Mich. Comp. Laws § 750.83; three counts of torture, Mich. Comp. Laws § 750.85(1); three counts of unlawful imprisonment, Mich. Comp. Laws § 750.349b(1); two counts of mutilation of a body, Mich. Comp. Laws § 750.160; and possession of a firearm in the commission of a felony, Mich. Comp. Laws §

1

750.227b. In total, he raises fifteen claims. In addition to his petition, Petitioner has also filed a motion to hold the petition in abeyance so he can complete post-conviction proceedings in the state courts to exhaust his seventh through fifteenth claims. Dkt. 2.

The Court will hold the petition in abeyance and stay the proceedings to allow petitioner to complete his post-conviction proceedings in the state court courts. The Court will also administratively close the case. The Court denies the motion for the appointment of counsel.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Seabrooks*, No. 320320, 2015 WL 7574325 (Mich. Ct. App. Nov. 24, 2015); *lv. den.* 880 N.W.2d 564 (2016).

Petitioner filed a post-conviction motion for relief from judgment on or about September 11, 2017, which was denied. *People v. Seabrooks*, No. 13-007631-01 (Wayne Cty. Cir. Ct., Apr. 23, 2018).[1] Petitioner claims that he filed an application for leave to appeal with the Michigan Court of Appeals, which remains pending in that court. Petitioner also previously filed a petition for writ of habeas corpus in federal court on September

---

[1] The Court obtained some of this information from the Wayne County Circuit Court's website, www.cmspublic.3rdcc.org. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

22, 2017. *Seabrooks v. Balcarcel*, 17-13120. Petitioner subsequently requested dismissal of that petition because his attorney filed the petition without his consent. 17-13120, Dkt. 6. The Court granted that request and dismissed the petition without prejudice. 17-13120, Dkt. 9.

Petitioner re-filed his petition for writ of habeas corpus on August 29, 2018.[2] Petitioner seeks habeas relief on fifteen grounds. Petitioner claims he raised grounds one through six on direct appeal of his conviction. However, by his own admission, petitioner has not exhausted his seventh through fifteenth claims because they were raised for the first time in his second postconviction motion for relief from judgment. Petitioner's application for leave to appeal from the denial of that motion remains pending in the Michigan Court of Appeals.

## II. Discussion

The instant petition is subject to dismissal because petitioner has failed to exhaust several of his claims with the state courts. A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *Wagner v. Smith,* 581 F.3d 410, 415 (6th

---

[2] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on August 29, 2018, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

3

Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts should typically dismiss mixed habeas petitions containing both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's habeas application is subject to dismissal because it contains claims that have yet to be exhausted. Petitioner's seventh through fifteenth claims were raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appeal from the denial of his post-conviction motion for relief from judgment is pending in the Michigan Court of Appeals. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner failed to complete the appellate process for claims seven through fifteen in his post-conviction motion and has thus failed to satisfy the exhaustion requirement. *See, e.g.*, *Paffhousen v. Grayson,* No. 2000 WL 1888659, at *2 (6th Cir. Dec. 19, 2000) (unpub.) (petitioner failed to fairly present his claims in his Rule 6.500 motion when he failed to appeal

the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (same). A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F.2d 1384, 1386 (6th Cir. 1970). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his or her state post-conviction motion, as petitioner has here under Michigan law, the petitioner has failed to exhaust all available state court remedies. *Cox v. Cardwell,* 464 F. 2d 639, 644–45 (6th Cir. 1972).

Outright dismissal of the petition might result in petitioner's claims being time-barred by the expiration of the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations may file a "protective" petition in federal court and then request that the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."

*Rhines,* 544 U.S. at 278. Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F.3d at 419. Further, petitioner asserts that he did not properly raise claims seven through fifteen in his first state court postconviction motion for relief due to the ineffective assistance of appellate counsel. The *Wagner* court used ineffective assistance of appellate counsel as an example of "good cause." *Id.,* at 419, nn. 4, 5. Finally, there is no evidence to suggest that petitioner has engaged in "intentionally dilatory tactics." The Michigan Supreme Court adjudicated his first post-conviction motion for relief from judgment, containing claims one through six, relatively recently.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order, which he has already done. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the

stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation marks omitted).

Finally, the Court denies petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). Because petitioner has failed to exhaust his state court remedies, he is not entitled at this time to the appointment of counsel to assist him with his habeas petition. *See, e.g.*, *Villeneuve v. Romanowski,* No. 2:14-CV-13768, 2015 WL 4429733, at * 5 (E.D. Mich. July 20, 2015) (citing *Dupree v. Jones*, 281 F. App'x 559, 561 (7th Cir. 2008)).

### III. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review. This tolling is conditioned upon **petitioner re-filing his habeas petition under the same case number and the same case caption within sixty (60) days after the conclusion of his state court post-conviction proceeding in**

7

**the state courts.** Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.[3] Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

The Motion for the Appointment of Counsel (Dkt. # 3) is **DENIED.**

**SO ORDERED.**

Dated:  October 29, 2018   s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's habeas application is deficient because failed to provide sufficient copies of the petition for service upon the Michigan Attorney General and the Warden. *See, e.g., Moore v. Hawley,* 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998). In lieu of issuing a Deficiency Order, the Court will hold the current petition in abeyance. However, when petitioner returns to the federal court after exhausting his claims, he will be required to **provide sufficient copies of the petition for writ of habeas corpus for service upon the Michigan Attorney General and the Warden.**

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 29, 2018.

s/A. Chubb<br>
Case Manager